Matthew C. Helland, CA SBN 250451
helland@nka.com
Daniel S. Brome, CA SBN 278915
dbrome@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiffs and Others
Similarly Situated

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Christopher McQueen and James O'Neal, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Chevron Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | **Case No.**<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)** |

**PRELIMINARY STATEMENT**

1.      This is a collective action brought by Plaintiffs Christopher McQueen and James O'Neal ("Plaintiffs"), on behalf of themselves and all others similarly situated. Plaintiffs and those similarly situated are or were employed by Defendant Chevron Corporation ("Chevron" or "Defendant"), and certain Doe Defendants, or their predecessors-in-interest, as well site/drill site managers, and were denied proper compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      Defendants have classified some well site/drill site managers (collectively referred to as "site managers") as independent contractors, and some as employees. Hereinafter, the site managers that were classified as independent contractors are referred to as "Independent Contractor Site Managers."

3.      The FLSA Collective is made up of all persons who have worked for Defendants as well site/drill site managers who were paid a day rate, whether classified as "independent contractors/consultants" or "employees" at any time within three years prior to this action's filing date through the trial of this action (the "Collective Period").

4.      During the Period, Defendants failed to pay overtime compensation to Plaintiffs and the FLSA Collective as required by law. Plaintiffs and the FLSA Collective seek relief under the FLSA to remedy Defendants' failure to pay appropriate overtime compensation.

**THE PARTIES**

5.      Plaintiff Christopher McQueen resides in Longview, Texas. He worked for Defendants from approximately November 2013 to February 2016 as a well site manager at Defendants' worksites in areas surrounding Midland, Texas and Hobbs, New Mexico.

6.      Plaintiff James O'Neal resides in Frankston, Texas. He worked for Defendants from approximately August 2012 to February 2016 as a well site manager at Defendants' worksites in areas surrounding Midland, Texas and Hobbs, New Mexico. He also performed work in parts of Oklahoma.

7.      Defendant Chevron Corporation is headquartered in California, with a principal executive office located at 6001 Bollinger Canyon Road, San Ramon, CA 94583. Through its subsidiaries, Defendant Chevron Corportion explores for, produces and transports crude oil and natural gas, manufactures and sells lubricants, provides energy efficiency solutions, and develops energy resources including biofuels and other renewables.

8.      Defendants' gross annual sales made or business done has been $500,000.00 or greater at all times relevant herein. Defendants operate in interstate commerce by, among other things, dispatching workers and equipment to multiple states, including Texas, New Mexico, and Oklahoma.

9.  Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative collective class members herein alleged were proximately caused by such Defendants.

10. Defendants had a practice of unlawfully classifying some of their workers, including Plaintiffs and members of the FLSA Collective, as "independent contractors" (also referred to as "consultants").

11. Defendants maintained a practice of paying some of their workers, including Plaintiffs and the FLSA Collective, a day rate and not paying them any overtime compensation. Plaintiffs, and other site managers, were under Defendants' direction and control and were all subject to the same unlawful pay practice.

12. Plaintiffs are informed, and believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 201 *et seq*. Plaintiffs McQueen and O'Neal have signed consent forms to join this lawsuit, which are attached as **Exhibit A**. As this case proceeds, it is likely that other individuals will join this action as opt-in plaintiffs.

14. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendant Chevron Corporation is headquartered in Contra Costa County, California and because a substantial part of the events

giving rise to the claims occurred in this district.

15. Pursuant to L.R. 3-2(d), this action is properly assigned to the San Francisco Division or Oakland Division of the Northern District of California, because Defendant Chevron Corporation is headquartered in Contra Costa County.

**FACTUAL ALLEGATIONS**

16. During the applicable statutory period, Plaintiffs and those similarly situated worked as site managers for Defendants. Defendants, through their policies, practices, and supervisors, directed the work activity of Plaintiffs and other site managers. Defendants had the authority to discipline Plaintiffs and other site managers.

17. Defendants have classified (and continue to classify) their site managers, including Plaintiffs and those similarly situated, as exempt from FLSA wage and hour protections.

18. Plaintiffs and the FLSA Collective worked for or are currently working for Defendants as well site supervisors, and were paid a day rate with no overtime premium for hours worked over forty (40) per week.

19. Defendants unlawfully classified some Plaintiffs and members of the FLSA Collective as independent contractors or consultants to avoid their obligations to pay overtime, and to reap the benefits of such illegal classification such as reduced tax liability, avoiding workers' compensation, and passing operating costs on to the workforce.

20. Plaintiffs were hired by Defendants. Plaintiffs and the FLSA Collective, including the Independent Contractor Site Managers, worked exclusively for Defendants on a full-time and continuing basis. Plaintiffs and those similarly situated did not sell or advertise their services to the general public, or work for any other company other than Defendants.

21. Plaintiffs and the FLSA Collective, including the Independent Contractor Site Managers, were subject to Defendants' direction and control regarding the manner in which they performed their work. For example:

A. Defendants' well site superintendent supervised Plaintiffs and the FLSA Collective's work. Defendants also determined and set their work schedules.

1        B.      Defendants determined Plaintiffs' daily rate of pay, which Plaintiffs were unable to negotiate.

      C.      Defendants provided Plaintiffs and the FLSA Collective, including the Independent Contractor Site Managers, the equipment needed to complete their work, including a laptop, email address, printer, wireless internet access, and a uniform.

      D.      Defendants required Plaintiffs and the FLSA Collective, including the Independent Contractor Site Managers, to follow Defendants' instructions, processes, and policies regarding the method by which their work was to be completed.

      E.      Defendants required Plaintiffs and FLSA Collective, including the Independent Contractor Site Managers, to submit daily reports consisting of specific details outlining the work completed each day. Defendants provided the software necessary to complete and submit these reports.

      F.      Defendants required that Plaintiffs travel to and stay at each worksite, typically for extended periods of time. Defendants also provided on-site housing for Plaintiffs and other well site managers at their worksites.

      G.      Defendants required Plaintiffs and the FLSA Collective, including the Independent Contractor Site Managers, to complete weekly invoices listing the specific days worked, locations, and expenses. Defendants required Plaintiffs and other well site managers to have their invoices approved by Defendants' well site superintendents.

      H.      Defendants required Plaintiffs and FLSA Collective, including the Independent Contractor Site Managers, to attend meetings to discuss details and specifications related to the work to be completed at worksites.

      I.      Defendants required Plaintiffs and FLSA Collective, including the Independent Contractor Site Managers, to complete training to ensure compliance with their instructions, processes, and policies.

      J.      Defendants required Plaintiffs and the FLSA Collective, including the Independent Contractor Site Managers, to obtain specific certifications in order to perform work at Defendants' work sites.

22. Plaintiffs and those similarly situated routinely worked in excess of forty (40) hours per week for Defendants without receiving proper overtime pay.

23. Defendants controlled and communicated Plaintiffs' work schedule to them. Specifically, Defendants required Plaintiffs to work at least 12 and one-half hours per day (at times, longer). Plaintiffs typically worked from 5:30 p.m. to 6 a.m. or from 5:30 a.m. to 6 p.m.

24. Defendants typically required Plaintiffs to work stints that consisted of fourteen (14) consecutive days, with fourteen (14) days off between stints. Plaintiffs' typical hours worked were from 5:30 p.m. to at least 6 a.m. or 5:30 a.m. to at least 6 p.m. Defendants did not keep accurate records of the hours Plaintiffs and other well site managers worked.

25. Defendants are aware of wage and hour laws, and their unlawful conduct has been widespread, repeated, and consistent.

26. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith. Defendants operated under a scheme that has caused significant damages to Plaintiffs and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs bring this action on behalf of themselves and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are as follows:

**FLSA Collective:** All Persons who worked for Defendants as well site/ drill site managers or other similar titles who were paid a day rate, whether classified as independent contractors / consultants or employees, within the United States at any time starting three years prior to the filing of the initial complaint in this action until trial of this action.

28. Upon information and belief, Defendants knew that Plaintiffs and the FLSA Collective performed work that required overtime pay. Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

29. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the Collective. There are

numerous similarly situated current and former workers who have been denied overtime pay by Defendants in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated workers are known to Defendants and should be readily identifiable through Defendants' records.

## CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT

29 U.S.C. §§ 201 *et seq.*

(On Behalf of Plaintiffs and the FLSA Collective)

30. Plaintiffs and the FLSA Collective allege and incorporate by reference the allegations in the preceding paragraphs.

31. At all relevant times, Defendants were an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Plaintiffs and each member of the FLSA Collective worked for Defendants.

32. Plaintiffs McQueen and O'Neal consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

33. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week. The FLSA specifically requires that employees paid on a day rate basis receive overtime pay. 29 C.F.R. § 778.112.

34. Plaintiffs and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over 40 in a workweek. By failing to compensate Plaintiffs and the FLSA Collective overtime compensation, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

35. By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq*.

...

36.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

37.     Plaintiffs, on behalf of themselves and the FLSA Collective, seek damages in the amount of all unpaid overtime compensation owed to themselves and the Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

38.     Plaintiffs, on behalf of themselves and the FLSA Collective, seek recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective Class, pray for relief as follows:

A.  Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.  Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.  Judgment against Defendants for violation of the overtime provisions of the FLSA;

D.  Judgment that Defendants' violations as described above were willful;

E.  An award in an amount equal to Plaintiffs' and the Collective's unpaid back wages at the applicable overtime rate;

F.  An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G.  An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H. An award of prejudgment interest to the extent liquidated damages are not awarded;

I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: April 20, 2016 **NICHOLS KASTER, LLP**

By: s/Daniel S. Brome
Daniel S. Brome

Attorneys for Plaintiffs and Others Similarly Situated