GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
CATHERINE A. CONWAY, SBN 98366
cconway@gibsondunn.com
JESSE A. CRIPPS, SBN 222285
  jcripps@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
Facsimile:     213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendants CHEVRON CORPORATION
and CHEVRON U.S.A. INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher McQueen, James O'Neal, and Donnie Cummings on behalf of themselves and others similarly situated and on behalf of the general public,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Chevron Corporation, Chevron U.S.A., Inc., and DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 4:16-cv-02089-JSW<br><br>**DEFENDANTS CHEVRON CORPORATION AND CHEVRON U.S.A. INC.'S OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**<br><br>Date:　　　　September 16, 2016<br>Time:　　　　9:00 a.m.<br>Location:　　Courtroom 5, 2nd Floor<br><br>Action Filed: April 20, 2016 |

Gibson, Dunn & Crutcher LLP

DEFENDANTS' OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION – CASE NO. 4:16-CV-02089-JSW

Defendants Chevron Corporation and Chevron U.S.A. Inc. (collectively, "Defendants") submit the following objections to the seven declarations by named and opt-in Plaintiffs ("Plaintiff Declarations") that are attached as Exhibit 3 (ECF No. 46-5) to the Declaration of Daniel S. Brome in Support of Plaintiffs' Motion for Conditional Certification and Distribution of Judicial Notice (ECF No. 46-2). Defendants make these objections on the grounds that Plaintiffs must present supported, substantial, non-speculative, and admissible evidence in support of their motion for conditional certification. *See Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 272 (N.D. Cal. Apr. 13, 2015) (explaining that "substantial allegations" of an "illegal policy, plan, or decision" "must be supported by declarations"); *McElmurry v. U.S. Bank Nat'l Ass'n*, 2004 WL 1675925, *10 (D. Or. July 27, 2004) ("[P]laintiffs are required to show through admissible evidence a 'reasonable basis' for their claim [.] Unsupported allegations of widespread violations are insufficient."); *Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 865 (S.D. Ohio Sept. 2, 2005) ("Courts, however, have repeatedly held that only admissible evidence may be considered in connection with a § 216(b) motion.").

The seven Plaintiff Declarations are identical in structure and virtually identical in substance. Accordingly, Defendants have combined their objections below in the interest of efficiency.

| Evidence Objected To (referenced with paragraph number) | Grounds for Evidentiary Objection |
|---|---|
| 1.  Plaintiffs' Decls. ¶ 3<br><br>"I worked for Chevron as a well site manager[.]" | **Vague and ambiguous, Lacks foundation** (Fed. R. Evid. 403, 602).<br><br>The assertion that the declarants "worked for Chevron" is vague and ambiguous because the declarants do not specify the particular entity for which they claim to have worked. More specifically, it is unclear whether the declarants define "Chevron" to mean only Chevron U.S.A., Inc., or to mean both Chevron Corporation and Chevron U.S.A. This assertion also lacks foundation on the grounds that each declarant has not demonstrated any personal knowledge regarding the specific entity for which he purportedly worked, and has not described any identifying characteristics of either Chevron Corporation or Chevron U.S.A., Inc. sufficient to lay any foundation for the assertion that he worked for either Chevron Corporation or Chevron U.S.A., Inc., including how either entity engaged his services. |

Gibson, Dunn & Crutcher LLP

1

DEFENDANTS' OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION – CASE NO. 4:16-CV-02089-JSW

| Evidence Objected To (referenced with paragraph number) | Grounds for Evidentiary Objection |
|---|---|
| **Court's Ruling on Objection No. 1:** | Sustained: _____ <br><br> Overruled: _____ |
| 2.   Plaintiffs' Decls. ¶ 6 <br><br> "I understand that other well site and drill site managers paid by [Cenergy International Services/Total Energy Services/Eagle Consulting] were also paid a day rate and were not paid overtime.  I know this through my observations and interactions at the job site." | **Vague and ambiguous, Lacks foundation, Speculative** (Fed. R. Evid. 403, 602). <br><br> The declarants do not specify what "observations or interactions" at the job site would make them privy to the manner by which any third-party contracting company paid any other individual, let alone all other well site and drill site managers for those companies, nor do the declarants explain why or how that information was available "at the [unspecified] job site."  The declarants simply have not provided any facts sufficient to establish that they have personal knowledge regarding the manner in which others were paid.  Moreover, the assertion that "other well site and drill site managers [Cenergy International Services/Total Energy Services/Eagle Consulting] were also paid a day rate and were not paid overtime" is vague and ambiguous because it does not specify whether the well site and drill site managers being described were individuals or corporations/LLCs responsible for paying their employees, and does not make clear who or what entity did not pay them overtime. |
| **Court's Ruling on Objection No. 2:** | Sustained: _____ <br><br> Overruled: |

Gibson, Dunn & Crutcher LLP

2

DEFENDANTS' OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION – CASE NO. 4:16-CV-02089-JSW

| Evidence Objected To<br>(referenced with paragraph number) | Grounds for Evidentiary Objection |
|---|---|
| 3.        Plaintiffs' Decls. ¶ 8<br><br>"When working for Chevron, I reported to a superintendent." | **Vague and ambiguous, Lacks foundation** (Fed. R. Evid. 403, 602).<br><br>This assertion is vague and ambiguous because the declarants do not explain the manner in which, how, or what they "reported" to any superintendent.<br><br>The assertion that the declarants were ever "working for Chevron" is vague and ambiguous because the declarants do not specify the particular entity for which they claim to have worked.  More specifically, it is unclear whether the declarants define "Chevron" to mean only Chevron U.S.A., Inc., or to mean both Chevron Corporation and Chevron U.S.A.  This assertion also lacks foundation on the grounds that each declarant has not demonstrated any personal knowledge regarding the specific entity for which he purportedly worked, and has not described any identifying characteristics of either Chevron Corporation or Chevron U.S.A., Inc. sufficient to lay any foundation for the assertion that he worked for either Chevron Corporation or Chevron U.S.A., Inc., including how either entity engaged his services. |
| **Court's Ruling on Objection No. 3:** | Sustained: _____<br><br>Overruled: |

Gibson, Dunn & Crutcher LLP

3
DEFENDANTS' OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION – CASE NO. 4:16-CV-02089-JSW

| Evidence Objected To<br>(referenced with paragraph number) | Grounds for Evidentiary Objection |
|---|---|
| 4.      Plaintiffs' Decls. ¶ 8, 9<br><br>"It is my understanding that the superintendent was a direct employee of Chevron. . . .The superintendent, who was an employee of Chevron, told me which shifts I was required to work." | **Vague and ambiguous, Lacks foundation** (Fed. R. Evid. 403, 602).<br><br>The declarants have not provided any facts or information demonstrating that they have personal knowledge regarding either the employment status of any superintendent or their purported "understanding" that superintendents are "direct employees" of an entity vaguely described as Chevron.  Further, the declarants do not specify the particular entity they claim to have employed a superintendent.  More specifically, it is unclear whether the declarants define "Chevron" to mean only Chevron U.S.A., Inc., or to mean both Chevron Corporation and Chevron U.S.A.  This assertion also lacks foundation on the grounds that each declarant has not demonstrated any personal knowledge regarding the specific entity that purportedly employed the superintendent, and has not described any identifying characteristics of either Chevron Corporation or Chevron U.S.A., Inc. sufficient to lay any foundation for the assertion that either Chevron Corporation or Chevron U.S.A., Inc. directly employed any superintendent. |
| **Court's Ruling on Objection No. 4:**         Sustained: _____<br><br>                                                                                Overruled: | |

Gibson, Dunn & Crutcher LLP

4

DEFENDANTS' OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION – CASE NO. 4:16-CV-02089-JSW

| Evidence Objected To (referenced with paragraph number) | Grounds for Evidentiary Objection |
|---|---|
| 5.   Plaintiffs' Decls. ¶ 11<br><br>"I know that Chevron required other site managers paid by [Cenergy International Services/Total Energy Services/Eagle Consulting] to take these courses as well, because these individuals took some of the courses at the same time I did." | **Vague and ambiguous, Lacks foundation, Speculative** (Fed. R. Evid. 403, 602).<br><br>The declarants lack foundation for the sweeping statement that they know that Chevron U.S.A. and/or Chevron Corporation *required* all well site and drill site managers of the third-party contractors to take a course merely because unspecified "individuals" purportedly took "*some* of the courses at the same time" as the declarants.  Plaintiffs do not provide any information as to how Chevron U.S.A. and Chevron Corporation communicated the alleged course requirements to the declarants.  Nor have they provided any information establishing personal knowledge of whether any individual who took a course did so because Chevron U.S.A. and/or Chevron Corporation required the individual to do so.  Further, it is unclear whether the declarants define "Chevron" to mean only Chevron U.S.A., Inc., or to mean both Chevron Corporation and Chevron U.S.A.  None of the declarants has demonstrated any personal knowledge regarding the specific entity that purportedly required individual to take courses, nor has any declarant described any identifying characteristics of either Chevron Corporation or Chevron U.S.A., Inc. sufficient to lay any foundation for the assertion that either Chevron Corporation or Chevron U.S.A., Inc. required other site managers to take courses. |
| **Court's Ruling on Objection No. 5:**     Sustained: _____<br><br>Overruled: _____ | |

Gibson, Dunn & Crutcher LLP

5

DEFENDANTS' OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION – CASE NO. 4:16-CV-02089-JSW

| Evidence Objected To (referenced with paragraph number) | Grounds for Evidentiary Objection |
|---|---|
| 6.     Plaintiffs' Decls. ¶ 12<br><br>"Chevron required that I follow its instructions, processes, and policies in performing our work responsibilities. Chevron communicated these instructions, policies, and processes to me during training and in morning safety meetings. Other well site and drill site managers were present during these trainings and meetings, and therefore had to follow the same instructions, processes, and policies." | **Vague and ambiguous, Lacks foundation, Speculative** (Fed. R. Evid. 403, 602).<br><br>The declarants fail to ever explain or describe the generalized and undefined "instructions, processes, and policies" referenced in this paragraph. The declarants also have not provided any information establishing personal knowledge of Chevron U.S.A.'s and Chevron Corporation's communications with all well site and drill site managers throughout the country, the vast majority of whom provided services to other business units in other parts of the country. The declarants also do not specify who from "Chevron communicated" the "instructions, policies, and policies" to the declarants, nor do they lay any foundation for how they knew that it was Chevron U.S.A. or Chevron Corporation that communicated with them. Finally, the declarants do not specify what other "well site or drill site managers" were present at the meetings. |
| **Court's Ruling on Objection No. 6:** | Sustained: _____<br><br>Overruled: _____ |

Dated:  August 26, 2016

GIBSON, DUNN & CRUTCHER LLP


By:   */s/ Catherine A. Conway*
            Catherine A. Conway

Attorneys for Defendant CHEVRON CORPORATION and CHEVRON U.S.A. INC.

Gibson, Dunn & Crutcher LLP

6

DEFENDANTS' OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION – CASE NO. 4:16-CV-02089-JSW