```
                                         PAGES 1 - 9

                   UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER MCQUEEN, ET AL.,  )
                              )
         PLAINTIFF,           )  NO. C-16-2089 JSW
                              )
  VS.                         )  FRIDAY, JANUARY 27, 2017
                              )
CHEVRON CORPORATION,          )  OAKLAND, CALIFORNIA
                              )
                              )  CASE MANAGEMENT CONFERENCE
                              )
         DEFENDANT.           )
_____)


          BEFORE THE HONORABLE JEFFREY S. WHITE, JUDGE
```

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

```
FOR PLAINTIFF:           NICHOLS KASTER
                         ONE EMBARCADERO CENTER, SUITE 720
                         SAN FRANCISCO, CALIFORNIA 94111
                    BY:  DANIEL BROME, ESQUIRE
                         MATTHEW C. HELLAND, ESQUIRE


FOR DEFENDANT:           GIBSON, DUNN & CRUTCHER
                         333 SOUTH GRAND AVENUE
                         LOS ANGELES, CALIFORNIA 90071
                    BY:  CATHERINE A. CONWAY, ESQUIRE

                         GIBSON, DUNN & CRUTCHER
                         555 MISSION STREET
                         SAN FRANCISCO, CALIFORNIA 94105
                    BY:  SARAH ZENEWICZ, ESQUIRE


REPORTED BY:             DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                         OFFICIAL COURT REPORTER


      TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION
```

```
 1    FRIDAY, JANUARY 27, 2017                           11:09 A.M.
 2                      P R O C E E D I N G S
 3         THE CLERK:  CALLING CASE NUMBER C-16-2089 CHRISTOPHER
 4    MCQUEEN, ET AL. VERSUS CHEVRON CORPORATION.
 5       COUNSEL, PLEASE STEP FORWARD TO THE PODIUMS AND STATE YOUR
 6    APPEARANCES PLEASE.
 7         MS. CONWAY:  GOOD MORNING, YOUR HONOR.  CATHY CONWAY
 8    ON BEHALF OF CHEVRON.
 9         THE COURT:  GOOD MORNING.
10       AND YOU ARE?
11         MS. ZENEWICZ:  GOOD MORNING, YOUR HONOR.  SARAH
12    ZENEWICZ ON BEHALF OF CHEVRON.
13         THE COURT:  GOOD MORNING.
14         MR. HELLAND:  GOOD MORNING, YOUR HONOR.  MATTHEW
15    HELLAND AND DANIEL BROME OF NICHOLS KASTER ON BEHALF OF THE
16    PLAINTIFFS.
17         THE COURT:  GOOD MORNING.
18         MR. BROME:  GOOD MORNING.
19         THE COURT:  ALL RIGHT.  I REVIEWED YOUR CASE
20    MANAGEMENT CONFERENCE STATEMENT.  THERE DON'T APPEAR TO BE ANY
21    DATES TO SET, BUT I WOULD LIKE TO DETERMINE WHAT IS GOING ON
22    WITH RESPECT TO THE CURRENT MOTIONS.
23       THERE'S A STIPULATED RESOLUTION OF THE CUMMINGS' MOTION
24    FOR ARBITRATION.  HOW DOES THAT AFFECT THE PENDING MOTION FOR
25    CONTINUING -- CONDITIONAL, EXCUSE ME, CERTIFICATION?
```

```
 1            MR. HELLAND:  IN OUR VIEW, YOUR HONOR, IT HAS NO
 2   EFFECT.
 3            THE COURT:  WHAT'S YOUR --
 4            MS. CONWAY:  IN OUR OPINION, YOUR HONOR, IT SEGUES
 5   INTO THE ARGUMENT WE MADE ABOUT HOW CUMMINGS, FOR INSTANCE, IS
 6   NOT AN APPROPRIATE OR REPRESENTATIVE CLASS REPRESENTATIVE.  IT
 7   HIGHLIGHTS WHAT WE PLACED IN OUR OPPOSITION BRIEFED ABOUT THE
 8   DIFFERENCES AMONG THE MANY CURRENT NAMED PLAINTIFFS.
 9       AND WE CAN FILE A REQUEST FOR JUDICIAL NOTICE, BUT AS YOUR
10   HONOR SIGNED THE ORDER, WE ASSUME YOUR HONOR'S AWARE OF THE
11   FACT THAT THERE HAS BEEN AN ORDER IN REFERENCE TO ARBITRATION
12   WITH REFERENCE TO AT LEAST ONE OF THE NAMED PLAINTIFFS.
13            THE COURT:  ALL RIGHT.  SO IS THERE ANYTHING -- DO
14   THE PARTIES HAVE ANYTHING TO ADD TO THE PENDING MOTION?
15            MR. HELLAND:  NOT BY WAY OF BRIEFING, YOUR HONOR.  I
16   MEAN, IF -- WE WOULD LIKE TO RESPOND TO THE ARGUMENTS IF
17   DEFENSE IS GOING TO ADD ADDITIONAL ARGUMENTS.  THERE'S 15 --
18   OR 16 OPT-IN PLAINTIFFS.  ONLY ONE HAS BEEN REFERRED TO
19   ARBITRATION.
20            THE COURT:  SO DO YOU WISH TO SUBMIT SUPPLEMENTAL
21   BRIEFING?
22            MS. CONWAY:  IT'S NOT SUPPLEMENTAL BRIEFING AS
23   OPPOSED TO JUST LETTING THE COURT KNOW THAT, IN FACT, CUMMINGS
24   DOES HAVE TO ARBITRATE ITS CLAIM.
25            THE COURT:  THAT'S ALREADY A MATTER OF RECORD.
```

1    **MS. CONWAY:** SURE.

2    **THE COURT:** SO THE COURT IS -- SO THE ORDER RESOLVING

3    THE REMAINING PART OF THE MOTION IS UNDER CONSIDERATION, AND

4    AN ORDER WILL BE FORTHCOMING.

5    BUT I GUESS MY QUESTION IS, SINCE THERE WAS A STIPULATED

6    RESOLUTION OF THE CUMMINGS' MOTION FOR ARBITRATION, IS

7    THERE -- ARE THERE ANY OTHER STIPULATIONS WITH RESPECT TO THE

8    PENDING MOTION UNDER CONSIDERATION?

9    **MR. HELLAND:** THE MOTION FOR CONDITIONAL

10   CERTIFICATION?

11   **THE COURT:** YES.

12   **MR. HELLAND:** NO ADDITIONAL STIPULATIONS.

13   **THE COURT:** IS THAT CORRECT?

14   **MS. CONWAY:** NONE, YOUR HONOR.

15   **THE COURT:** THEN IT IS RIPE FOR RESOLUTION.

16   WITH RESPECT TO THE STATEMENT IN YOUR CASE MANAGEMENT

17   STATEMENT THAT BOTH PARTIES MAY FILE MOTIONS FOR SUMMARY

18   JUDGMENT, THE COURT WOULD LIKE ONLY FOUR BRIEFS RATHER THAN

19   SIX IF THEY ARE CROSS-MOTIONS. SO -- AND THERE'S ONLY ALLOWED

20   ONE SUMMARY JUDGMENT MOTION PER SIDE PURSUANT TO THE COURT'S

21   STANDING ORDER UNLESS EXTRAORDINARY GOOD CAUSE IS SHOWN TO

22   ALLOW MORE, WHICH, I WILL TELL YOU, I RARELY GRANT BECAUSE I

23   NEVER FOUND IT TO BE A USEFUL USE OF THE PARTIES' AND THE

24   COURT'S TIME.

25   I WANTED TO RESPOND TO, OR REFLECT UPON A STATEMENT AT

```
 1   PAGE 8 AT LINE 15 OF THE CASE MANAGEMENT STATEMENT, WHICH SAYS
 2   THAT "CHEVRON BELIEVES THAT IT WOULD BE PREMATURE TO SET A
 3   DISCOVERY CUTOFF BEFORE THE COURT HAS RESOLVED THE COLLECTIVE
 4   AND CLASS CERTIFICATION ISSUES."
 5         THE COURT AGREES WITH THAT FOR PURPOSES OF NOT UNDULY
 6   EXPENDING RESOURCES.
 7         WITH RESPECT TO THE SCHEDULING, AS I MENTIONED EARLIER, I
 8   DON'T -- I'M NOT GOING TO SET ANYTHING NOW BECAUSE THE COURT
 9   WILL SET A FURTHER CASE MANAGEMENT CONFERENCE AFTER IT
10   RESOLVES THE PENDING MOTION.  IT WILL BE IN THE ORDER ITSELF.
11   SO AT THAT POINT WE WILL HAVE A FURTHER CASE MANAGEMENT
12   CONFERENCE AND I WILL TELL YOU WHAT -- ORDER, AT THAT POINT,
13   SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENTS IN LIGHT OF
14   THE COURT'S ORDER, AND THEN WE WILL GET DOWN TO, IF THE CASE
15   SURVIVES OR WHATEVER THE STATUS IS, WE WILL GET DOWN TO THE
16   SPECIFIC DATES.
17         AND, AGAIN, THE COURT IS GOING TO -- DOES AGREE THAT THE
18   COURT SHOULD WAIT TO SET A DISCOVERY CUTOFF UNTIL IT RESOLVES
19   THE CLASS CERTIFICATION ISSUE.  AND THAT'S THE COURT'S
20   RESPONSE TO CHEVRON'S SUGGESTION.  I THINK THAT IS WELL-TAKEN.
21         SO THE OTHER THING I WANT TO PUT BEFORE THE PARTIES AT
22   THIS POINT, AND I PROBABLY WILL DO IT IN OTHER CASES THIS
23   MORNING AS WELL, I COULDN'T DO IT IN THE FIRST CASE BECAUSE I
24   DIDN'T HAVE AN APPROPRIATE REPRESENTATIVE, IS THAT -- IT HAS
25   TO DO WITH THE ISSUE OF POTENTIALLY CONSENTING TO A MAGISTRATE
```

```
 1   JUDGE FOR ALL PURPOSES.
 2       WHAT I TYPICALLY DO AT THESE CONFERENCES IS TO BRING TO
 3   THE PARTIES' ATTENTION THE FACT THAT WE HAVE IN PLACE A
 4   PROGRAM FOR ABOUT THE LAST, ALMOST THREE YEARS NOW, IN THIS
 5   COURT, NORTHERN DISTRICT, IN ORDER TO ENCOURAGE PARTIES TO
 6   CONSIDER THE POSSIBILITY OF -- RECONSIDER CONSENTING TO A
 7   MAGISTRATE JUDGE FOR ALL PURPOSES, UNDERSTANDING THAT YOU
 8   WOULDN'T BE HERE NOW UNLESS ONE PARTY OR ANOTHER DID NOT
 9   CONSENT.
10       BUT IN THIS PROGRAM, THE PURPOSE OF THE PROGRAM IS TO TRY
11   TO GET THE BUSINESS USE OF ALL OF THE COURT'S RESOURCES,
12   INCLUDING OUR MAGISTRATE JUDGES.  WE KNOW THAT WE HAVE REALLY
13   GOOD MAGISTRATE JUDGES.  NOT JUST BECAUSE WE THINK WE HAVE A
14   GOOD SELECTION PROCESS, BUT BECAUSE WE TREAT OUR MAGISTRATE
15   JUDGES LIKE ARTICLE III JUDGES IN THAT THEY GET CASES OFF THE
16   WHEEL JUST LIKE THE DISTRICT COURT JUDGES.  AND ONLY IF A
17   PARTY DOESN'T CONSENT, DOES THE CASE GET REASSIGNED TO A
18   MAGISTRATE JUDGE.
19       FOR THAT REASON, BECAUSE WE DON'T TREAT THEM LIKE LAW
20   CLERKS, AS THEY MIGHT BE TREATED IN OTHER DISTRICTS, BUT WE
21   TREAT THEM AS FULL-BLOWN JURISTS, TRIAL JUDGES, THEY GET A LOT
22   OF CONSENTS BECAUSE PEOPLE GET TO KNOW THEM.  IT KIND OF FEEDS
23   ON ITSELF AND WE THINK THEY ARE AN EXCELLENT GROUP.
24       ALSO THEY HAVE ABOUT ONE-THIRD OF THE CASELOAD OF A
25   DISTRICT COURT JUDGE FOR PURPOSES OF PLENARY JURISDICTION OVER
```

|     |                                                                                 |
|-----|---------------------------------------------------------------------------------|
| 1   | CASES, SO THEY CAN GIVE A LITTLE BIT MORE TENDER LOVING CARE,                   |
| 2   | TLC, THAN THE DISTRICT COURT JUDGE CAN GIVE, WHICH IS A LITTLE                  |
| 3   | BIT CLOSER TO A -- LITTLE BIT OF ROUGH JUSTICE, BUT WE DON'T                    |
| 4   | THINK SO.                                                                       |
| 5   | AND TOWARD THAT END, A BROCHURE WAS PUBLISHED BY THE COURT                      |
| 6   | WHICH OUTLINES THE PROGRAM AND ALSO HAS A DESCRIPTION OF OUR                    |
| 7   | MAGISTRATE JUDGES.                                                              |
| 8   | THE ONLY ONE THAT HAS NOT BEEN LISTED YET IS THE NEWEST                         |
| 9   | ONE IN SAN JOSE, AND SHE JUST JOINED US A COUPLE OF WEEKS AGO,                  |
| 10  | BUT SHE'S IN THE MIX.                                                           |
| 11  | I'M GOING TO DIRECT THE PARTIES TO DOWNLOAD THE BROCHURE.                       |
| 12  | YOU CAN EITHER DOWNLOAD IT OR GET IT FROM THE CLERK'S OFFICE                    |
| 13  | WHILE YOU ARE HERE.  GO OVER IT WITH YOUR CLIENTS.  AND UNDER                   |
| 14  | THE PROGRAM, UNLIKE WHEN THE CASE IS ASSIGNED IN THE FIRST                      |
| 15  | INSTANCE, THE COURT WILL ALLOW THE PARTIES, IF THEY CAN DO SO                   |
| 16  | AND THEY WISH TO CONSIDER CONSENTING, TO STIPULATE TO A                         |
| 17  | PARTICULAR MAGISTRATE JUDGE OR TO A GROUP OF LESS THAN ALL                      |
| 18  | WHICH THE PARTIES AGREE ON, AND THEN ONE WOULD BE PICKED AT                     |
| 19  | RANDOM.  AND THAT ONE WILL BE YOUR JUDGE.  SO YOU CAN ACTUALLY                  |
| 20  | DO SOME DUE DILIGENCE, AND IF YOU CAN AGREE, CHOOSE ONE.                        |
| 21  | I WILL SAY TO YOU THAT BASED UPON MY ANECDOTAL DISCUSSIONS                      |
| 22  | WITH ATTORNEYS AND PARTIES, THE PARTIES ARE USUALLY PRETTY                      |
| 23  | HAPPY WITH MAGISTRATE JUDGES IRRESPECTIVE OF WHAT THE OUTCOME                   |
| 24  | IS.                                                                             |
| 25  | SO WHAT I WOULD LIKE TO DO IS -- WHAT I WILL DO IS ORDER                        |

1   THAT IN -- I WILL GIVE YOU TWO WEEKS FROM TODAY.
2        MS. OTTOLINI, WHAT'S THE DATE?
3             **THE CLERK:**  FEBRUARY 10.
4             **THE COURT:**  BY THAT DATE, THE PARTIES WILL FILE A
5   JOINT -- AFTER MEETING AND CONFERRING WITH THEIR CLIENT AND
6   EACH OTHER, THE PARTIES WILL FILE A JOINT PLEADING E-FILED
7   THAT INDICATES WHETHER YOU WOULD BE WILLING TO RECONSIDER AND
8   CONSENT TO A PARTICULAR MAGISTRATE JUDGE OR A
9   RANDOMLY-SELECTED ONE FROM A SMALLER GROUP, OR FROM ALL OF
10  THEM.
11       AND THEN IF THE PARTIES ARE NOT ABLE TO AGREE ON THE -- ON
12  THE CONSENT, I DON'T NEED TO KNOW, IN FACT, I'M NOT ENTITLED
13  TO KNOW WHO DECLINED AND WHO DIDN'T.  BECAUSE IT'S NOT MY
14  BUSINESS AND I DON'T WANT ANYONE TO FEEL THAT THEY MIGHT BE
15  PREJUDICED.  AND, BY THE WAY, IT DOESN'T MATTER BECAUSE I'M
16  NOT GOING TO GIVE ANY DEMERITS OR EXTRA CREDIT BECAUSE ONE
17  PARTY SAID THEY WOULD CONSENT AND THE OTHER PARTY WANTED ME OR
18  SOMETHING.  IT DOESN'T MAKE A DIFFERENCE.
19       BUT IT DOES, AS OFFICERS OF THE COURT AND AS JUDICIAL
20  OFFICERS, WE HAVE AN OBLIGATION TO OPTIMIZE THE USE OF COURT
21  RESOURCES.  AND THIS IS THE BEST WAY TO DO IT BECAUSE WE HAVE
22  A FULL COMPLEMENT OF MAGISTRATE JUDGES.
23       SO THAT'S THE ORDER OF THE COURT.  WITH THAT SAID, IS
24  THERE ANYTHING FURTHER THAT THE PARTIES WISH TO BRING TO THE
25  COURT'S ATTENTION?

| | |
|---|---|
| 1 | STARTING WITH THE PLAINTIFFS? |
| 2 | **MR. HELLAND:** NOT FROM THE PLAINTIFFS, YOUR HONOR. |
| 3 | **THE COURT:** FROM THE DEFENDANTS? |
| 4 | **MS. CONWAY:** NOTHING FURTHER, YOUR HONOR. |
| 5 | **THE COURT:** THANK YOU, COUNSEL. HAVE A GOOD WEEKEND. |
| 6 | **MS. CONWAY:** THANK YOU VERY MUCH. |
| 7 | **MR. HELLAND:** THANK YOU, YOUR HONOR. |
| 8 | **THE COURT:** THANK YOU. |
| 9 | (PROCEEDINGS CONCLUDED AT 11:19 A.M.) |

**CERTIFICATE OF REPORTER**

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

*Diane E. Skillman*

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

TUESDAY, FEBRUARY 7, 2017