IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER McQUEEN, JAMES O'NEAL, and DONNIE CUMMINGS, on behalf of themselves and other similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON CORPORATION, CHEVRON U.S.A., INC. and DOES 1-50, inclusive,<br><br>Defendants. | No. C 16-02089 JSW<br><br>**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION AND REQUIRING FURTHER MEET AN CONFER ON JUDICIAL NOTICE** |

  Now before the Court is the motion filed by Plaintiffs for an order conditionally certifying this action as a collective action under the Fair Labor Standards Act ("FLSA") and authorizing distribution of judicial notice. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Plaintiffs' motion for conditional certification and REQUIRES the parties to meet and confer regarding the content of the judicial notice.

  Plaintiffs seek certification of a collective action for their claim under the FLSA on behalf of well site/drill site managers ("Site Managers") who were allegedly denied proper compensation as required by federal wage and hour laws. Plaintiffs seek certification of all persons who have worked for Defendants Chevron Corporation and Chevron U.S.A., Inc. as Site Managers who were classified as independent contractors or consultants and were paid a day rate at any time within three years of the filing of this action through the trial. (*See* Second Amended Complaint at ¶ 3.)

Under the FLSA, employers must pay their employees a minimum wage. *See* 29 U.S.C. § 206(a). If an employer fails to do so, the aggrieved employee may bring a collective action on behalf of himself and others similarly situated. *Id.* at § 216(b). "[P]laintiffs need show only that their positions are similar, not identical, to the position held by the putative class members." *Castle v. Wells Fargo Financial, Inc.*, 2008 WL 4955705, at *2 (N.D. Cal. 2008) (citing *Grayson v. K Mart Corp.* 79 F.3d 1086, 1096 (11th Cir. 1996)). Plaintiffs bear the burden of making a "reasonable basis" for their claim of class-wide discrimination. *See id.* Determining whether a collective action is appropriate is within the discretion of the district court. *See Harris v. Vector Marketing Corp.*, 716 F. Supp. 2d 835, 837 (N.D. Cal. 2010) (citing *Adam v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 535 (N.D. Cal. 2007)).

"To maintain a collective action under the FLSA a plaintiff must demonstrate that the putative class action members are similarly situated." *Id.* (citing *Murillo v. Pac. Gas & Elec., Co.*, 266 F.R.D. 468, 470 (E.D. Cal. 2010)). Although neither the FLSA nor the Ninth Circuit have defined the term "similarly situated," a majority of courts "have adopted a two-step approach for determining whether a class is 'similarly situated.' Under this approach, a district court first determines, based on the submitted pleadings and affidavits, whether the proposed class should be notified of the action. At the first stage, the determination of whether the putative class members will be similarly situated is made using a fairly lenient standard, and typically results in conditional certification of a representative class. District courts have held that conditional certification requires on that 'plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision." *Id.* (internal citations omitted).

After this initial stage and once discovery is complete, defendants may then move to decertify the class. "In this step, the court makes a factual determination about whether the plaintiffs are similarly situated by weighing factors such as (1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appeared to be individual to each plaintiff, and (3) fairness and procedural considerations. If the district court determines that the plaintiffs are not similarly situated, the court may decertify the class and dismiss the opt-in plaintiffs' action without prejudice." *Id.* (internal citations omitted).


1    In the current procedural posture, the Court must determine only the first stage, whether
2 Plaintiffs' proposed claims should be conditionally certified.  Under this lenient standard, Plaintiffs
3 must merely demonstrate "there is some factual basis beyond the mere averments in their complaint
4 for the class allegations."  *Murillo*, 266 F.R.D. at 478-80.  The "evidence must show that there is
5 'some factual nexus which binds the named plaintiffs and the potential class members together as
6 victims of a particular alleged [policy or practice].'"  *Harris*, 716 F. Supp. 2d at 837 (citing *Felix v.*
7 *David Moreno Constr., Inc.*, 2008 WL 4104261, at *5 (E.D. Cal. Sept. 3, 2008)).  Plaintiffs may
8 make this showing with factual support sufficient to demonstrate that they and potential plaintiffs
9 are victims of a common policy or plan that violated the law.  *Id.* (citing *Realite v. Ark Rest. Corp.*, 7
10 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)).  "Courts have emphasized that a fairly lenient standard is
11 used at the first step because a court does not have much evidence at that point in the proceedings –
12 just the pleadings and any declarations submitted."  *Id.*  Once discovery is completed, the court may
13 engage in a more stringent inquiry into the propriety and scope of the collective should defendants
14 move to certify the class.  *Id.* at 838; *see also Gerlach v. Wells Fargo & Co.*, 2006 WL 824652, at
15 *3 (N.D. Cal. March 28, 2006) (holding that to "apply the second-tier heightened review at [the
16 conditional certification] stage would be contrary to the broad remedial policies under the FLSA.").

17    Here, Plaintiffs have met their burden to demonstrate that conditional certification is
18 appropriate under the lenient standard applicable at this first stage.  Plaintiffs have presented
19 substantial allegations and evidence in the form of multiple declarations regarding the status of the
20 proposed class members.  Plaintiffs have made allegations and proffered evidence that all proposed
21 class members acted as Site Managers, were required to follow Chevron's policies and use their
22 equipment, performed similar duties, were classified as independent contractors, and were paid a
23 day rate with no overtime premiums.

24    In opposition to the motion for certification, Chevron argues that Plaintiffs and proposed
25 class members may have different contracts and intermediary relationships with third-party
26 contracting companies and the "potpourri of [] provisions in these various agreements put these
27 individuals on different footing."  (Opp. Br. at 5.)  Although further discovery and the factual
28 differences among the managers' third party agreements may lead to individualized inquiries, that is

3

better addressed "at the second stage of certification rather than the first." *Harris*, 716 F. Supp. 2d at 841. The substantial allegations, supported by the declarations submitted by Plaintiffs, indicate that the managers have similar responsibilities working for Chevron, that Chevron treats them as independent contractors, and that these managers are similarly situated with respect to many aspects of their control and employment circumstances, and they are allegedly subject to the same compensation scheme. These factors are sufficient at this early stage in the proceedings to support conditional certification. The Court may revisit the certification at the close of discovery when it engages in a more stringent inquiry into the propriety and scope of the collective action. *See id.* at 841-42; *see also Labrie v. UPS Supply Chain Solutions, Inc.*, 2009 WL 723599, at *6 (N.D. Cal. March 18, 2009) (finding that employer's "arguments [regard individualized inquiries] raise issues primarily going to the merits and are more appropriately addressed on a motion to decertify or motion for summary judgment once notice has been given, the deadline to opt-in has passed, and discovery is closed.").

      Having reviewed the record, the Court is satisfied that Plaintiffs' showing is sufficient to meet the lenient standard for conditional certification. Accordingly, the Court exercises its discretion to GRANT Plaintiffs' motion for conditional certification of the proposed collective action for the purposes of notifying potential members of the pendency of this lawsuit. With regard to the content of the notice and the schedule for collection of personal contact information, the Court HEREBY ORDERS the parties to meet and confer in order to assess both the content and the timing of the proposed notice. By no later than March 17, 2017, the parties shall submit a mutually-agreed upon notice and schedule. Should the parties fail to agree on any specific issue, they may submit briefing limited to those issues under Northern District Civil Local Rule 7 for further resolution.

**IT IS SO ORDERED.**

Dated: February 21, 2017

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE