United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER McQUEEN, JAMES O'NEAL, and DONNIE CUMMINGS, on behalf of themselves and others similarly situated, and on behalf of the general public,

Plaintiffs,

v.

CHEVRON CORPORATION, CHEVRON U.S.A., INC. and DOES 1-50, inclusive,

Defendants.

_______________________________________/

No. C 16-02089 JSW

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now before the Court is motion for partial summary judgment filed by Defendants Chevron Corporation and Chevron U.S.A., Inc. ("Chevron") on the discrete legal issue of whether its day rate compensation plan satisfies the salary basis requirements of the Fair Labor Standards Act ("FLSA") regulations. Chevron contends that Plaintiffs McQueen and O'Neal, who worked as well site managers, were paid a predetermined rate of more than $1,000 per day for services they provided to Chevron and, regardless of their designation as employee or contractor, should be treated as exempt for the purposes of their overtime claims under the FLSA.

The FLSA exempts from the overtime premium requirement employees who occupy "bona fide executive, administrative, or professional positions." 29 U.S.C. § 213(a)(1). The Secretary of Labor has exercised its "'broad authority' to define and delimit the scope of this exemption." *Snead v. EOG Resources, Inc.*, 2018 WL 1151138, at *2 (W.D. Tex. Feb. 13, 2018). The resulting regulations are "construed narrowly against the employer seeking to assert them." *Id.* (citing *Auer v.*

United States District Court
For the Northern District of California

*Robbins*, 519 U.S. 452, 456 (1997)); *see also Klem v. County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000). The regulations provide that to qualify as exempt, "the employee must, in addition to meeting certain requirements relating to the type of duties they perform, be '[c]ompensated on a salary or fee basis at a rate of not less than $455 per week.'" *Id.* (citing 29 C.F.R. § 541.200(a)(1)).

The regulations define "salary basis" as follows:

> An employee will be considered to paid on a "salary basis" within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. [Subject to exceptions,] an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.

29 C.F.R. § 541.602(a).

In its motion for partial summary judgment, Chevron argues that the Plaintiffs are exempt from overtime entitlement under the FLSA because the day rate they were paid exceeds $1,000, thereby guaranteeing that, in any week worked, they would receive in excess of the $455 per week minimum under the FLSA. On this basis, Chevron contends that Plaintiffs cannot recover on their claim for overtime pay under the FLSA.

However, although Chevron elicited evidence demonstrating that Plaintiffs had been paid above the weekly minimum set by the regulations, "evidence that Plaintiff regularly received a qualifying amount of pay is not the same as evidence that he was *guaranteed* to receive that amount regardless of the quality or quantity of work he performed." *Snead*, 2018 WL 1151138, at *3 (emphasis added). Because the Court finds there is no support for the proposition that Plaintiffs were guaranteed a weekly amount over $455, the FLSA exemption regulations do not apply on their face. Accordingly, because the day rate compensation scheme which applied to Plaintiffs does not satisfy the weekly salary requirement of the exemption defenses, the Court DENIES Chevron's motion for partial summary judgment

**IT IS SO ORDERED.**

Dated: April 3, 2018

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE