1  Matthew C. Helland, CA SBN 250451
   helland@nka.com
2  Daniel S. Brome, CA SBN 278915
   dbrome@nka.com
3  NICHOLS KASTER, LLP
   235 Montgomery Street, Suite 810
4  San Francisco, CA 94104
   Telephone: (415) 277-7235
5  Facsimile: (415) 277-7238

6
   Attorneys for Plaintiffs and Others
7  Similarly Situated

8

9 **IN THE UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| Christopher McQueen, James O'Neal, and Donnie Cummings, on behalf of themselves and others similarly situated, and on behalf of the general public,<br><br>                    Plaintiffs,<br><br>    v.<br><br>Chevron Corporation, Chevron U.S.A., Inc., and DOES 1-50, inclusive,<br><br>                    Defendants. | **Case No. 4:16-cv-02089-JSW**<br><br>**PLAINTIFF JAMES POUNDS' MOTION FOR APPROVAL OF INDIVIDUAL SETTLEMENT; MEMORANDUM IN SUPPORT**<br><br>Date:        April 5, 2019<br>Time:       9:00 a.m.<br>Courtroom: 5, 2nd Floor<br><br>Action Filed: April 20, 2016 |

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................. **iii**

**SUMMARY OF ARGUMENT** ............................................................................................... **v**

**NOTICE OF MOTION AND MOTION** ................................................................................. **1**

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................................................ **1**

    **I.     INTRODUCTION** ........................................................................................... **1**

    **II.    RELEVANT PROCEDURAL HISTORY** ..................................................... **1**

        *A.*   *McQueen v. Chevron* ............................................................................... **1**

    **III.   THE SETTLEMENT AGREEMENT** ............................................................ **2**

        **A.   Payment Terms** ...................................................................................... **2**

        **B.   Release Terms** ........................................................................................ **3**

        **C.   Redacted Filing** ...................................................................................... **4**

    **IV.   ARGUMENT** .................................................................................................... **5**

        **A.   The FLSA Settlement is a Reasonable Compromise of a Bona Fide Dispute** .......... **5**

            i.    **No absent class member concerns** ............................................... **5**

            ii.   **Bona fide dispute** ........................................................................... **6**

            iii.  **Reasonable compromise** ............................................................... **7**

            iv.   **Attorneys' fees and costs** ............................................................ **10**

    **V.    CONCLUSION** .............................................................................................. **10**

## **TABLE OF AUTHORITIES**

**Cases**

*Ambrosino v. Home Depot U.S.A., Inc.,* 2014 WL 3924609 (S.D. Cal. Aug. 11, 2014) ............... 10

*Bellinghausen v. Tractor Supply Co.,* 306 F.R.D. 245 (N.D.Cal.2015)........................................... 9

*Bernstein v. Target Stores, Inc.*, 2013 WL 5807581 (N.D. Cal. Oct. 28, 2013).............................. 4

*Campanelli v. Hershey Co.*, 2011 WL 3583597 (N.D. Cal. May 4, 2011).................................... 10

*Cordero v. Lumenis*, 2016 WL 4529586 (N.D. Cal. Aug. 30, 2016)..................................... 4, 9, 10

*Duran v. Hershey Co.*, 2015 WL 4945931 (N.D. Cal. Aug. 10 2015) ............................................ 4

*Files v. Federated Payment Sys. USA, Inc.*, 2013 WL 1874602 (E.D.N.Y. April 2, 2013) ............ 5

*Flores v. Velocity Express, LLC*, 250 F.Supp.3d 468 (N.D. Cal. 2017) .......................................... 6

*Fonseka v. Alfredhouse Eldercare, Inc.,* 2015 WL 3457224 (D. Md. May 28, 2015) .................... 5

*Hogan v. Allstate Beverage Co.*, 821 F.Supp.2d 1274 (M.D. Ala. 2011)........................................ 9

*In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935 (9th Cir. 2011)..................................... 5

*Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015) .......................................... 5

*Luo v. Zynga Inc.*, 2013 WL 5814763 (N.D. Cal. Oct. 29, 2013)..................................................... 4

*Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982) ................................. v, 5, 6, 7, 8

*Lyons v. Gerhard's Inc.,* 2015 WL 4378514 (E.D. Pa. July 16, 2015)............................................. 5

*Ma v. Covidien Holding*, 2014 WL 360196 (C.D. Cal. Jan. 31, 2014)............................................ 9

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004)..................... 8

*Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324 (N.D. Cal. 2014)....................................................... 5

*Officers for Justice v. Civil Service Commission*, 688 F.2d 615 (9th Cir. 1982)............................ 8

*Ostrander v. Customer Eng'g Servs., LLC*, 2018 WL 1152265 (D. Colo. Mar. 5, 2018) ............... 4

*Parker v. Encore Rehabilitation, Inc.*, 2012 WL 6680311 (S.D. Ala. Dec. 21, 2012) .................... 5

*Poulin v. Gen. Dynamics Shared Res., Inc.*, 2010 WL 1655962 (W.D. Va. April 23, 2010).......... 5

*Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045 (S.D. Tex. Dec. 8, 2008) ................ 5

*Real v. Driscoll Strawberry Assocs.*, 603 F.2d 748 (9th Cir. 1979)................................................ 6

*Selk v. Pioneers Memorial Healthcare Dist.*, 159 F. Supp. 3d 1164 (S.D. Cal. 2016) ................ 8, 9

*Smith v. Golden Gate LLC*, 2015 WL 2340231 (E.D. Cal. May 13, 2015) ..................................... 4

*Smolinski v. Ruben & Michelle Enter. Inc.*, 2017 WL 835592 (E.D. Mich. Mar. 3, 2017) .............. 5

*Stanley v. Turner Oil & Gas Properties, Inc.*, 2017 WL 5068444 (S.D. Ohio July 24, 2017) ........ 4

*Wingrove v. D.A. Technologies, Inc.*, 2011 WL 7308492 (N.D.Ga. Feb. 3, 2011) ......................... 5

*Yue Zhou v. Wang's Restaurant*, 2007 WL 2298046 (N.D. Cal. August 8, 2007) ......................... 5

**Statutes**

29 U.S.C. § 216(b) ................................................................................................................. 5

29 U.S.C. § 255(a) ................................................................................................................. 9

**Regulations**

29 C.F.R. § 541.100 ............................................................................................................... 7

29 C.F.R. § 541.200(a) ........................................................................................................... 7

29 C.F.R. § 541.601(b)(1) ...................................................................................................... 7

## SUMMARY OF ARGUMENT

Opt-in Plaintiff James Pounds has reached an agreement to settle his claims against Chevron (the "Settlement Agreement"). Plaintiff Pounds seeks Court approval of the settlement because this settlement includes ▬▬▬▬▬▬▬▬▬▬. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353–54 (11th Cir. 1982). The Court should approve this settlement because it constitutes a reasonable compromise of a bona fide dispute.

In addition to Chevron and Plaintiff Pounds, Plaintiff's corporate entity and the third party contracting company through which Plaintiff worked for Chevron are also included in the settlement agreement. The Settlement Agreement ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and guarantees that this matter is fully resolved for Mr. Pounds, his company, the third party contracting company, and Chevron.

Mr. Pounds is receiving compensation tied to his overtime claims in reasonable amounts, considering the real disputes about whether he was an employee, whether Chevron can satisfy any exemptions, how many hours Plaintiff Pounds worked, what statute of limitations should apply, whether Chevron can show good faith, and how to calculate damages. The settlement provides for ▬▬▬▬▬▬▬▬▬▬▬▬▬, in an amount to which Plaintiff Pounds specifically agreed.

This settlement agreement was negotiated prior to the global settlement agreement in this case, which is also pending approval before the Court, and for that reason the parties submit this approval motion separately.

Chevron intends to request that the Settlement Agreement, and portions of this motion, be filed under seal, as discussed below in section III.C. Therefore, Plaintiff Pounds has redacted portions of this filing in which the settlement terms are discussed. The Settlement Agreement itself, and the un-redacted version of this filing, will be separately provided for the Court's review in conjunction with Chevron's request to seal.

**NOTICE OF MOTION AND MOTION**

Please take notice that on April 5, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5, 2nd Floor, of the above-captioned Court, Plaintiff Pounds will, and hereby does, move this Court to approve the individual settlement agreement reached between Defendants and Mr. Pounds.

This Motion is based on this Notice, the Memorandum of Points and Authorities, supporting evidence filed herewith, the Court's file in this matter, and such other arguments or evidence as may be presented at the hearing on the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Opt-In Plaintiff Pounds ("Plaintiff") has individually settled his claims against Defendants and seeks court approval of his Settlement Agreement.[1] The Settlement Agreement provides a considerable value for Plaintiff's overtime claims. Plaintiff's settlement protects ████████ ████████████████████████████████████████████████████████████████ ██████████. Absent settlement, Plaintiff would face a drawn-out path to recovery involving extensive, highly contested litigation and arbitration. This Court should grant approval to the Plaintiff's settlement agreement and dismiss him from this action with prejudice.

## II. RELEVANT PROCEDURAL HISTORY

### A. *McQueen v. Chevron*

On April 20, 2016, Christopher McQueen and James O'Neal filed an action on behalf of themselves and other similarly situated, seeking unpaid overtime under FLSA. (ECF No. 1.) Plaintiffs filed a First Amended Complaint on June 9, 2016 adding Donnie Cummings as a Named Plaintiff; Mr. Cummings also asserted individual and class claims under California law based on the same factual allegations. (ECF No. 26.)

---

[1] Eight Plaintiffs previously moved for approval of individual settlement agreements. *See* ECF Nos. 179, 192. This Court granted those motions. *See* ECF Nos. 219, 221, 223. Also pending in front of this Court is a motion for approval of a separate settlement agreement covering FLSA Plaintiffs, a putative California class, and PAGA claims. *See* ECF No. 256. Each of these settlement agreements stand on their own and should be separately reviewed and approved.

-1-

| MOTION TO APPROVE POUNDS SETTLEMENT | Case No. 4:16-cv-02089-JSW |

On June 30, 2016, Defendants moved to dismiss the First Amended Complaint; in response, Plaintiffs filed a Second Amended Complaint on July 11, 2016. (ECF Nos. 31, 38.) Pursuant to stipulation, Plaintiffs filed a Third Amended Complaint, adding claims under the Private Attorney General Act ("PAGA"). (ECF No. 58.) Defendants filed an Answer on September 27, 2016. (ECF No. 62.) On August 12, 2016, Plaintiffs filed a motion for conditional certification of the FLSA claims. (ECF No. 46.) On February 21, 2017, the Court granted Plaintiffs' motion for FLSA Conditional Certification. (ECF No. 76.) Notice was distributed, and individuals opted in to the case through the summer of 2017. Plaintiff Pounds filed a Consent Form to join the case on May 10, 2017. (ECF No. 92.)

On January 10, 2017, Chevron filed a motion to compel Plaintiff Cummings to pursue his claims in arbitration. (ECF No. 65.) The parties resolved this motion by stipulation (ECF No. 68), and Mr. Cummings' claims were ordered to arbitration. (ECF No. 69.) Mr. Cummings's claims were heard December 6–8, 2017, and the arbitrator issued an interim arbitration award on January 4, 2018, finding that Mr. Cummings was misclassified as an independent contractor, and was owed overtime wages under state and federal law, liquidated damages under the FLSA, and meal and rest period premium payments. (ECF No. 160.) On December 1, 2017, Defendants moved for partial summary judgment on the salary basis test; this Court denied the motion on April 3, 2018. (ECF Nos. 155, 177.)

### III.    THE SETTLEMENT AGREEMENT

On February 21, 2019, Defendants and Krummrich signed a settlement agreement with Plaintiff Pounds and Mr. Pounds' company, Pounds, Inc. (Mr. Pounds' company, hereinafter "the Company") resolving Plaintiff's claims against Chevron and Krummrich, as well as any potential claims against Plaintiff. Plaintiff now seeks approval of the Settlement Agreement, which will be submitted by Chevron in conjunction with its request to seal.

####    A.    Payment Terms

The Settlement Agreement ████████████

████████████████████████████████

(Settlement Agreement ¶ 4.) ████████████

▮ The individual settlement amounts were the result of individual negotiations between Counsel. The agreements provide that ▮

▮ Plaintiff calculated his ▮

▮ Plaintiff Pounds' ▮ (Helland Decl. ¶ 2.)

▮ The agreement provides ▮ (Helland Decl. ¶ 6.)

**B.   Release Terms**

The release in this agreement is intended ▮ The ▮ Unlike most wage and hour actions, this case involves third-party companies, multiple layers of contracts, some of which include indemnification agreements, and workers who were paid through their own separate corporate entities. While Plaintiffs maintain that indemnification claims against workers or their corporate entities would contravene the FLSA, no court has yet resolved that issue in this matter. *See Cummings*, 271 F.Supp.3d at 1194. Accordingly, ▮

1    The Settlement Agreement ████████████████████████

2    ████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████

4    ██████████ (Settlement Agreement ¶ 9.) In other words, as a result of this agreement,

5    Plaintiff Pounds and his company ████████████████████████████████

6    ████

7         This ████████████████ provides a very real value to Plaintiff Pounds who, ████

8    ████████████████████████████████████████████████ Even though Plaintiff

9    Pounds views those claims skeptically, there is a burden to defend even frivolous claims. Plaintiff

10   Pounds, on behalf of his corporate entity, ████████████████████████████

11   ████████████████████████████████████ In order to ████████████████

12   ████████████████████████████████████████████████████[2]

13   **C.    Redacted Filing**

14        While the agreement does not contain any ████████████████████

15   ████████████████████████████████████████████████████████████

16   ████████████████████████ (Settlement Agreement ¶ 5.) The Parties agreed that Plaintiff

17   ████████████████████████████████████████████████████████████

18   ████████████████████████ (*Id.*) Accordingly, Plaintiffs alert the Court to the

19   following recent authority from California district courts: *Cordero v. Lumenis*, 2016 WL

20   4529586, at **3–5 (N.D. Cal. Aug. 30, 2016); *Duran v. Hershey Co.*, 2015 WL 4945931, *1

21   (N.D. Cal. Aug. 10 2015); *Smith v. Golden Gate LLC*, 2015 WL 2340231, at *2 (E.D. Cal. May

22   13, 2015); *Luo v. Zynga Inc.*, 2013 WL 5814763, at *2 (N.D. Cal. Oct. 29, 2013); *Bernstein v.

23   Target Stores, Inc.*, 2013 WL 5807581, at *3 (N.D. Cal. Oct. 28, 2013).

24        Additionally, Plaintiff alerts the Court to the following authority from outside California:

25   *Ostrander v. Customer Eng'g Servs., LLC*, 2018 WL 1152265, at *5 (D. Colo. Mar. 5, 2018);

26   *Stanley v. Turner Oil & Gas Properties, Inc.*, 2017 WL 5068444, at *2 (S.D. Ohio July 24, 2017);

27

28   [2] ████████████████████████████████████████████████

-4-

MOTION TO APPROVE POUNDS SETTLEMENT                              Case No. 4:16-cv-02089-JSW

*Smolinski v. Ruben & Michelle Enter. Inc.*, 2017 WL 835592, at *3 (E.D. Mich. Mar. 3, 2017); *Lyons v. Gerhard's Inc.,* 2015 WL 4378514, at *3 (E.D. Pa. July 16, 2015); *Fonseka v. Alfredhouse Eldercare, Inc.,* 2015 WL 3457224, at *2-3 (D. Md. May 28, 2015); *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015); *Files v. Federated Payment Sys. USA, Inc.*, 2013 WL 1874602, at *3 (E.D.N.Y. April 2, 2013); *Parker v. Encore Rehabilitation, Inc.*, 2012 WL 6680311, at *4 (S.D. Ala. Dec. 21, 2012); *Wingrove v. D.A. Technologies, Inc.*, 2011 WL 7308492, *2 (N.D.Ga. Feb. 3, 2011); *Poulin v. Gen. Dynamics Shared Res., Inc.*, 2010 WL 1655962, at *5 (W.D. Va. April 23, 2010); *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, at *10 (S.D. Tex. Dec. 8, 2008).

## IV.  ARGUMENT

### A.  The FLSA Settlement is a Reasonable Compromise of a Bona Fide Dispute

Settlements of FLSA claims are subject to court approval. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353–54 (11th Cir. 1982). District courts review FLSA settlements to ensure each settlement is a "fair and reasonable resolution of a bona fide dispute." *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Yue Zhou v. Wang's Restaurant*, 2007 WL 2298046 at *1 (N.D. Cal. August 8, 2007) (citing *Lynn's Food*).

#### i.  No absent class member concerns

Plaintiff Pounds negotiated the proposed settlement of his individual claims only. (*See* Settlement Agreement ¶ 11.)  The remaining plaintiffs and putative class members in the *McQueen* action are unaffected by the settlement agreements at hand, and separately reached a global settlement agreement after Pounds agreed to the settlement of his claims. Accordingly, there are no "absent class member" concerns regarding approval of this individual settlement agreement. *See generally In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 946 (9th Cir. 2011). Nonetheless, because FLSA rights generally cannot be waived, settlement of private actions for back wages pursuant to 29 U.S.C. § 216(b) must be approved by the district court.

*Lynn's Food Stores*, 679 F.2d at 1353.

### ii. Bona fide dispute

To evaluate a proposed FLSA settlement, courts first determine whether the settlement constitutes a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. Here, the primary issues in dispute are Plaintiff's employee status and Defendants' day rate compensation plan. The Parties also dispute whether a two- or three- year statute of limitations is applicable under the Fair Labor Standards Act, and the amount of overtime hours worked and method of calculating damages.

### 1. Independent contractor status

Plaintiff contends that Defendants misclassified consultant well site and drill site managers ("consultant site managers"), including Plaintiff, as independent contractors. (ECF No. 58, ¶ 19-20). Because Defendants classified consultant site managers as independent contractors, Defendants did not pay Plaintiff Pounds overtime premiums for hours worked over forty in a week. (*Id.* at ¶ 21). Defendants scheduled Plaintiff Pounds for 12-hour shifts on site, and he regularly worked more than 12 hours on average per shift. (*Id.* at ¶ 26-27).

Plaintiff Pounds believes that the weight of the evidence, particularly evidence regarding Defendants' control of Plaintiff's work, weighs strongly in favor of a finding that Plaintiff is an employee and not an independent contractor under federal law. Defendants disagree, arguing that Plaintiff was in business for himself. Defendants also argue that Chevron did not employ Plaintiff but rather contracted with third party companies to provide services at well- and drill-sites, and these third parties contracted with Plaintiff as appropriate subcontractors. (*See e.g.* ECF No. 48 at 8).

Plaintiff Pounds's ability to recover any back pay or penalties hinges on a finding that he was an employee, not an independent contractor. While Plaintiff maintains that Chevron's control over his work will mandate a finding of employee status, the independent contractor analysis considers a variety of factors. *See Flores v. Velocity Express, LLC*, 250 F.Supp.3d 468, 478 (N.D. Cal. 2017) (quoting *Real v. Driscoll Strawberry Assocs.*, 603 F.2d 748, 754 (9th Cir. 1979)). There is a bona fide dispute over employee status, which favors settlement approval.

## 2. Payment on a salary basis

Defendants argued that if this Court finds Plaintiff is an employee rather than independent contractor, Plaintiff is nonetheless exempt from overtime pay under the administrative, executive, and/or highly compensated exemptions to the FLSA. (ECF No. 62 at ¶ 20). All three exemptions require employees to be compensated on a salary basis. 29 C.F.R. § 541.200(a) (administrative exemption applies to employees "Compensated on a salary or fee basis at a rate of not less than $455 per week); 29 C.F.R. § 541.601(b)(1) (highly compensated exemption requires employee to receive "at least a weekly amount equal to the required salary amount required by § 541.600(a) paid on a salary or fee basis"); 29 C.F.R. § 541.100 (executive exemption applies to employees "compensated on a salary basis at a rate of not less than $455 per week).

Defendants previously moved for summary judgment on the issue of whether their day rate payments qualify as a salary under the FLSA, requesting that this Court "hold that the salary basis test is met for purposes of Plaintiffs' claim for unpaid overtime." (ECF No. 155 at 13.) The Court denied Chevron's motion (ECF No. 177), but Chevron has indicated that it has considered filing an appeal, which could lead to significant delays and risk of reversal. This issue presents a bona fide dispute, which supports settlement approval.

## 3. Statute of limitations, amount of hours

Even if Plaintiff Pounds prevails on liability by defeating Defendants' independent contractor and exemption defenses, he must still prove damages. The FLSA provides a default two-year statute of limitations, which can be extended to three-years for willful violations. Because the Court is only charged with reviewing the FLSA settlement for fairness, ▇ ▇ settlement gives great value considering the risks associated with Plaintiff Pounds' FLSA claim. Plaintiff Pounds would also have to prove the amount of his overtime. Plaintiff contends he regularly worked more than 12 hours per shift; Chevron contends that Plaintiff was often not required to work for the entire shift. This presents a bona fide dispute, and supports approval.

### iii. Reasonable compromise

Under *Lynn's Food*, the existence of an underlying filed suit "provides some assurance of

MOTION TO APPROVE POUNDS SETTLEMENT                              Case No. 4:16-cv-02089-JSW

an adversarial context" for the settlement; this in turn supports a finding that a settlement is not "a waiver of statutory rights brought about by an employer's overreaching." 679 F.2d at 1354. Here, Plaintiff Pounds reached the proposed settlement agreement with Defendants and Krummrich in the highly adversarial context of multiple overlapping lawsuits and arbitrations. The dispute over Plaintiff's overtime claims has been heavily contested from the beginning with Defendants, Plaintiff, and third-party companies like Krummrich aggressively pursuing their respective positions. Given the heavily contested, complex nature of the litigation in this action as well as a related Eastern District action and arbitrations, the results obtained for the settling plaintiffs represent an excellent recovery.

Given large number of disputed issues at hand, Plaintiff Pounds is receiving a very good value for his claims. "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 628 (9th Cir. 1982). As the Ninth Circuit noted in *Officers for Justice*, "[u]ltimately the amount of the [settlement payments] will be less than what some class members feel they deserve but, conversely, more than the defendants feel those individuals are entitled to. This is precisely the stuff from which negotiated settlements are made." *Id*. Generally, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).

Plaintiff Pounds has been represented by Plaintiff's Counsel in all relevant matters since each Plaintiff opted in to the *McQueen* case. Plaintiff's Counsel advised Plaintiff Pounds to the form and implications of the proposed settlement agreements. Plaintiff's representation by capable counsel also weighs in favor of approval. *Lynn's Food Stores*, 679 F.2d at 1354. Plaintiff's Counsel here has considerable experience litigating FLSA collective actions. (Helland Decl. ¶ 3).

The settlement amount here also weighs in favor of approval because it is "fair and reasonable under the circumstances presented." *Selk v. Pioneers Memorial Healthcare Dist.*, 159 F. Supp. 3d 1164, 1174 (S.D. Cal. 2016). Here, Plaintiff Pounds settled for a total of

-8-

1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Helland Decl. ¶ 2.) The parties have engaged in substantial discovery in *McQueen* and are therefore positioned to make accurate assessments of the potential liability. (*Id.* ¶ 4.) Plaintiff argues that a three year (rather than a two year) statute of limitations should apply to the FLSA claims, alleging Defendants willfully misclassified Plaintiff as an independent contractor. (*See* 29 U.S.C. § 255(a)). Plaintiff also alleges he worked more than twelve hours per shift, while Defendants allege Plaintiff only worked up twelve hours per shift, and on some days less than twelve hours.  Defendants also argue that liquidated damages are not appropriate because, if Plaintiff were misclassified, any misclassification was in good faith. (*See* 29 U.S.C. 216(b)). This settlement is well within the range of reasonableness. *See Selk*, 159 F. Supp. at 1175 (finding settlement fund representing "between 26% to 50% of the best possible recovery". . . "to be in the range of reasonableness for wage and hour actions."); *Bellinghausen v. Tractor Supply Co.,* 306 F.R.D. 245, 256 (N.D.Cal.2015) (approving wage and hour class settlement where the settlement fund represented between 9% and 27% of the total potential recovery); *Ma v. Covidien Holding*, 2014 WL 360196, *5 (C.D. Cal. Jan. 31, 2014) (settlement providing "9.1% of the total value of the action [was] 'within the range of reasonableness.'").

**1.**  ▮▮▮▮▮▮▮▮▮

The fact that Defendants and Krummrich ▮▮▮▮▮▮▮▮▮▮▮▮ against Plaintiff Pounds and his company also favors approval. This ▮▮▮▮▮▮▮▮▮▮ ensures that Plaintiff Pounds will ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ While courts often prefer FLSA settlements to contain ▮▮▮▮▮▮▮, "[t]his is not to say that employees may never agree to ancillary terms when settling FLSA claims; but the court should closely scrutinize the fairness of such 'side deals' because they do not directly relate to any bona fide dispute over FLSA coverage or wages due." *Hogan v. Allstate Beverage Co.*, 821 F.Supp.2d 1274, 1282 (M.D. Ala. 2011).

For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In ▮▮▮▮, the Plaintiffs also faced potential liability via a countersuit, in that case for alleged

1  breach of a severance agreement. *Id.* ████████████████████████████
2  ████████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████ the settlement
4  ████████████████████ constituted a "fair and reasonable resolution." *Id.* Here, while
5  Plaintiff Pounds ████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████
8  ████████████ The ████████████████ in Plaintiff's settlement agreement should not bar
9  approval, because ██████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████████
11 ████████████████

      **iv.    Attorneys' fees and costs**

Plaintiff's counsel has zealously represented Plaintiff Pounds on a contingency basis. (Helland Decl. ¶ 5.) As a result, Plaintiff's Counsel has not yet received compensation for their time spent litigating on behalf of the Plaintiff Pounds nor have they received reimbursement for their out-of-pocket costs during litigation. (*Id.*)

The proposed agreement here is a "privately negotiated settlement." *Campanelli v. Hershey Co.*, 2011 WL 3583597, *1 (N.D. Cal. May 4, 2011). Unlike a class-wide settlement ████████████████████████████████████████████████████████████████ *See Ambrosino v. Home Depot U.S.A., Inc.,* 2014 WL 3924609, at *2 (S.D. Cal. Aug. 11, 2014) ████████████████████████████████████████████████████████████████ Additionally, because this is not a class-wide settlement, the Ninth Circuit's 25% class action benchmark should not apply. Plaintiff's Counsel can provide additional briefing regarding ████████████ should the Court require it.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff Pounds respectfully requests that the Court approve his settlement, including the requested attorneys' fees and costs. Plaintiff also requests that, upon

-10-

MOTION TO APPROVE POUNDS SETTLEMENT                 Case No. 4:16-cv-02089-JSW

1  settlement approval, the Court dismiss with prejudice Plaintiff Pounds from this action.

Dated: March 1, 2019      **NICHOLS KASTER, LLP**

By:   s/Matthew C. Helland
      Matthew C. Helland
      Daniel S. Brome

      Attorneys for Plaintiff and Others Similarly Situated